# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

N<u>o</u> 06-CV-5651 (JFB)

———————————————

IN RE: TENDER LOVING CARE HEALTH CARE SERVICES, INC., N/K/A DSMP HOLDINGS, INC., ET AL.,

Debtors.

ROGER JACKSON PLEASANT,

Appellant,

VERSUS

TLC LIQUIDATION TRUST,

Appellee.

———————————————

MEMORANDUM AND ORDER
September 26, 2007

———————————————

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from the voluntary bankruptcy proceeding of Debtor Tender Loving Care Health Care Services ("TLC") and certain subsidiaries (collectively, the "Debtors"), pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court").

Creditor Roger Jackson Pleasant ("Pleasant") appeals from the August 31, 2006 Memorandum of Decision and Order ("August 31 Memorandum and Order") of the Honorable Stan Bernstein, United States Bankruptcy Judge, denying Pleasant's motion to compel further payment on Claim No. 1015 (the "Claim") and granting TLC Liquidation Trust's motion for reconsideration of the mistaken allowance of the Claim. The Bankruptcy Court had originally entered an order approving the Claim based on a stipulated amount reached after settlement negotiations between Pleasant and the Debtors, before the Debtors' objections to the claim were heard on the merits. However, the Bankruptcy Court denied further payment and granted the motion for reconsideration because the Bankruptcy Court found that "the allowance of the Claim was based on a glaring error of fact and law" by the Court (August 31 Memorandum and Order at 1) in that "the calculation [of the Claim] indisputably contravenes the express language of section 502 of the Bankruptcy Code, which disallows

the inclusion in a claim in an insolvent bankruptcy estate of unmatured interest (*Id.* at 3)."

Pleasant appeals from the August 31 Memorandum and Order on the following grounds: (1) the Bankruptcy Court erred in ruling that the Trustee's implied motion for reconsideration was not time-barred under Fed. R. Bankr. P. 9024; (2) the Bankruptcy Court erred in ruling that "cause" existed under Section 502(j) of the Bankruptcy Code and Fed. R. Civ. P. 60(b) to reconsider Pleasant's allowed claim; and (3) by granting this reconsideration, the Bankruptcy Court erred in failing to conclude that TLC should be compelled to act in accordance with the Claims Allowance Order, Confirmation Order, and the Plan.

As set forth below, the Court finds Pleasant's arguments on appeal to be unpersuasive and affirms the Bankruptcy Court's August 31 Memorandum and Order reducing the Claim to $1,435,791.18. Specifically, the Bankruptcy Court correctly reconsidered its Order, dated December 1, 2004 (the "Claims Allowance Order"), approving settlement of the Claim because it included post-petition interest on a pre-petition unsecured claim, which is a clear violation of Section 502(b)(2) of the Bankruptcy Code. Contrary to Pleasant's suggestion that the Claim Allowance Order should have been allowed to stand despite this undisputed error, reconsideration was not time-barred and the Bankruptcy Court clearly had "cause" under the law to correct this obvious error.

I. BACKGROUND

A. Debtors' Claims

On November 8, 2002, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in Bankruptcy Court. (Ninth Omnibus Objection ¶ 3.) Unsecured creditor Roger Jackson Pleasant filed a number of proof of claims, including a Proof of a General Unsecured Claim No. 1015 in the amount of $1,975,000 (the "Claim").[1] (August 31 Memorandum and Order at 2.)

The Debtors filed the an objection with the Bankruptcy Court, dated September 29, 2004 ("Ninth Omnibus Objection"), where they objected to various pre-petition "notes payable" claims, including the Claim. In their Ninth Omnibus Objection, the Debtors specifically sought to reduce, among other claims, the amount of the Claim from $1,975,000 to $1,435,791.18 based upon Pleasant's request for allegedly unmatured interest. (Ninth Omnibus Objection ¶¶ 14-18.)

B. The Settlement

Prior to the hearing on the Ninth Omnibus Objection, Pleasant and Debtors informally agreed to settle all of Pleasant's claims, including the Claim. (Hr'g Tr. 15:19-17:3.) In the Claims Allowance Order, dated December 1, 2004, the Bankruptcy Court approved, among other things, the settlement of the Claim in the reduced amount of $1,788,400. (Supp. Claims Allowance Order Ex. B at 2.) The Claims Allowance Order became a "Final

---

[1] The Claim was a Promissory Note in the principal amount of $1,588,981, with interest due at a rate of 7.5% (the "Promissory Note"). The maturity date of the Promissory Note was September 1, 2010. (Jackson Mot. Ex. A.)

2

Order" under the express terms of the Plan. (Order Confirming Third Am. Joint Plan Ex. A, § § 1.3(3), 1.46.[2])

C. Trustee's Analysis

On December 20, 2004, the Bankruptcy Court entered an order confirming the Chapter 11 plan of liquidation of the Debtors. (*See* Order Confirming Third Am. Joint Plan.) Upon the effective date of the Plan (February 15, 2005), the TLC Liquidation Trust (the "Trust") came into existence to, among other things, fully liquidate the Debtors' estates, resolve claims, and calculate and make distributions to holders of allowed claims. *See id.* at 2-3. FTI Consulting Inc. (the "Trustee") is the trustee of the Trust.

The Trustee determined that Debtors made all pre-petition payments of principal and interest due under the Promissory Note through September 1, 2002 and that, as a result of a calculation error, the $1,788,400 wrongfully included post-petition interest. The Trustee concluded that, after remedying the calculation error, Debtors owed Pleasant only $1,415,719[3] on the petition date, not $1,788,400 as agreed upon. (TLC Resp. Ex. 5.)

On June 9, 2006, the Trustee paid all amounts to Pleasant that were outstanding and permitted by the Bankruptcy Code, and provided a detailed accounting explaining how the payments were calculated. (*See id.*) The Trustee's accounting explained that there had been a calculation error, that Pleasant had received all amounts properly due to him, and that the Trust would not make any more payments. (*Id.*)

D. Pleasant's Appeal

On July 13, 2006, Pleasant moved to compel the Trust to make the disputed payment. The Trust filed an opposition to the motion based on the miscalculation discovered by the Trustee, and the Bankruptcy Court treated that opposition as a motion to reconsider the mistaken allowance of the Claim.

On August 31, 2006, the Bankruptcy Court entered its order denying Pleasant's motion to compel the Trust to make further payment on the Claim and granting the Trust's implied motion for reconsideration of the mistaken allowance of the Claim. Pleasant now appeals to the Court from that Order.

II. STANDARD OF REVIEW

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error.[4] *See In re*

---

[2] The Claim constitutes an "Allowed Claim" entitled to the treatment mandated by the Plan's distribution scheme for all Allowed Claims. (Order Confirming Third Am. Joint Plan Ex. A, §§ 5.2.2, 6.16.)

[3] This amount does not include a minimal amount of pre-petition interest also owed to Pleasant through that date.

[4] The Trust argues that the Court should review the reconsideration order under an "abuse of discretion" standard. Pleasant counters that such a standard only applies to review of denials of motions to reconsider, not decisions to grant such motions. The Court disagrees with the broad argument made by Pleasant. If this appeal were limited only to whether or not the Court should have granted reconsideration, an "abuse of discretion" standard would be warranted. *See Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.),* 346 F.3d 31, 34 (2d Cir. 2003)

*Hyman*, No. 05-7026-BK, 2007 WL 2492789, at *3 (2d Cir. Sept. 6, 2007); *see also Labow Mach. Co. v. Bayshore Wire Prods. (In re Bayshore Wire Prods.)*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, ... its conclusions of law *de novo*, ... its decision to award costs, attorney's fees, and damages for abuse of discretion."); *accord In re Ionosphere Clubs*, 922 F.2d 984, 988-89 (2d Cir. 1990).

---

(reviewing "for abuse of discretion" Bankruptcy Court's decision under 60(b) to reopen judgment based on its own mistake of fact); *see also Reynolds v. Swedelius (In re Reynolds)*, No. 06-16686, 2007 WL 2141639, at *1 (9th Cir. July 26, 2007) ("We review for abuse of discretion a bankruptcy court's decision to grant a motion for reconsideration."); *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000) ("Whether the bankruptcy court properly considered and granted the trustee's motion for reconsideration is reviewed for an abuse of discretion."). *But see Transamerican Nat'l Gas Corp. v. U.S. Customs (In re Transamerican Natural Gas Corp.)*, 85 F.3d 622, No. 95-20935, 1996 WL 254974, at *3 (5th Cir. Apr. 18, 1996) (unpublished opinion) (stating, in appeal of bankruptcy court granting motion for reconsideration, that "[l]ike the district court, we review the bankruptcy court's findings of fact under the clearly erroneous standard, while conclusions of law are subject to *de novo* standard"); *Cook Group Inc. v. Wilson (In re Wilson)*, 248 B.R. 745, 747-48 (M.D.N.C. 2000) (same). However, in the instant appeal, where Pleasant is not only appealing the decision to reconsider itself but also challenges legal conclusions underlying that decision (including the denial of his motion to compel), the Court has not applied an "abuse of discretion" standard, but rather in an abundance of caution has applied the standard urged by Pleasant.

III. TIMELINESS OF RECONSIDERATION

As a threshold matter, Pleasant argues that the Trustee's reconsideration motion was time-barred under Fed. R. Civ. P. 60(b) because Pleasant's motion to compel and the Trust's reconsideration motion were filed more than one year after the entry of the Claims Allowance Order. In particular, Pleasant contends that the Bankruptcy Court erred in finding that the one-year requirement under Rule 60(b) did not apply because the Order was entered "without a contest" and, therefore, was exempt under Fed. R. Bankr. P. 9024 from the one-year requirement. As set forth below, the Court finds Pleasant's timeliness argument unavailing and concludes that the Bankruptcy Court did not err in holding that it had the authority to reconsider the Claim under Rule 9024.

The Bankruptcy Court is given broad discretion to reconsider allowance or disallowance of proofs of claim under 11 U.S.C. § 502(j) "for cause." 11 U.S.C. § 502(j); *see also* Fed. R. Bankr. P. 3008. If reconsideration is granted, the court may readjust the claim "according to the equities of the case." 11 U.S.C. § 502(j).[5] "The court's broad discretion should not, however, encourage parties to avoid the usual rules for finality of contested matters." *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987). Specifically, Fed. R. Bankr. P. 9024 provides that reconsideration motions in the bankruptcy court are governed by Rule 60(b). Rule 60(b)(1) provides, in relevant part, that a motion for relief from a

---

[5] Section 502(j) provides, in relevant part, as follows: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j).

4

judgment or order can be made for "mistake, indavertance, suprise, or excusable neglect" and that such motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b)(1). However, Bankruptcy Rule 9024 contains an exception to this one-year requirement:

> [Rule 60(b)] applies in cases under the Code except that (1) a motion . . . for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b) . . . .

Fed. R. Bankr. P. 9024. Thus, there is no deadline to file a Section 502(j) motion unless the claim was allowed or disallowed by way of a contested proceeding.[6]

A "contested matter" is not specifically defined in Rule 9024 and, thus, courts have differed over exactly how that term should be defined. *See*, *e.g.*, *In re Willoughby*, 324 B.R. 66, 72 (Bkrtcy. S.D. Ind. 2005) (finding "no contest" where creditor's objection to the plan was resolved by consent before the court heard from the parties on the matter); *In re Clark*, No. 98-24204, 2001 Bankr. LEXIS 1794, at *7–*9 (Bankr. E.D.N.Y. Dec. 7, 2001) (finding "contest" where objection and response to objection were settled pursuant to a stipulation which expressly provided that objection was withdrawn "with prejudice"); *In re Wyatt*, 368 B.R. 99, 103 (Bkrtcy. D.N.H. 2007) (finding "contest" where creditor was aware of the contest and had an opportunity to be heard at the hearing, but chose not to appear at that hearing).

Under the factual circumstances of this case, the Bankruptcy Court did not err in determining that there was "no contest" regarding the Claim for purposes of Rules 60(b) and 9024. As in *Willoughby*, the Bankruptcy Court here never heard or considered the merits of Debtor's Ninth Omnibus Objection. Even though the objection was formally filed with the Bankruptcy Court, the parties informally settled prior to the formal hearing on the merits for that objection. (Hr'g Tr.15:9-17:3.)

Pleasant's attempt to distinguish *Willoughby* is unavailing. Pleasant argues that *Willoughby* is inapposite for two reasons: (1) in *Willoughby,* the debtor purportedly never objected to the creditor's *claim*, but instead, objected to the *plan confirmation*, and (2) in *Willoughby,* the *creditor*, not the *debtor*, was the party that objected. (*See* Pleasant's Reply Br. at 4.) However, contrary to Pleasant's contention, the creditor in *Willoughby* objected to the calculation of the debtor's claim. *See In re Willoughby*, 324 B.R. at 69 ("According to his Amended Plan, Debtor agreed to pay Daimler a secured claim . . . Daimler initially objected to that *valuation* but withdrew such objection prior to the Court's hearing on the matter.") (emphasis added). Moreover, it is irrelevant whether the

---

[6] The Trust argues that, because Section 502(j) grants the Bankruptcy Court authority to reconsider decisions regarding creditors' claims without time requirements, there is no time limitation governing when a motion to reconsider an order allowing or disallowing a claim must be filed. Specifically, the Trust argues that "Federal Rules of Civil Procedure cannot modify or abridge substantive rights." (Trust's Br. at 10.) However, the Court declines to address this argument because it finds, as discussed *infra*, that the Bankruptcy Court correctly determined that the motion for reconsideration was timely under Rule 9024.

5

source of the objections arose from the debtor or creditor. Neither Bankruptcy Rule 9024 nor Bankruptcy Rule 3008 distinguishes between the two parties for purposes of reconsidering an order allowing or disallowing a claim.[7] In short, the Court finds the analysis in *Willoughby* to be persuasive on the issue in this case.

Pleasant relies heavily on two cases for his argument that this matter was "contested." (*See* Pleasant Br. at 10-12.) These cases indicate that the debtor initiates a contested matter by the filing of the objection. *See, e.g., In re Harbor Fin. Group, Inc.*, 303 B.R. 124, 129 (Bankr. N.D. Tex. 2003) (holding claim contested even though no hearing was held); *In re Clark*, No. 98-24204, 2001 Bankr. LEXIS at *7–*9 (holding proceedings to be contested even though objection was withdrawn and no hearing was held). However, unlike *Clark*, the objection here was settled through informal negotiations between the two parties, without participation by the court.[8] Even assuming a lack of hearing does equate with "no contest," the court in *Clark* suggested that its determination of the existence of a contest in that case was influenced by additional factors, including the fact that the creditor responded to the objection, the objection was not unilaterally withdrawn, and the objection was settled "with prejudice." Here, Pleasant never filed a response to the Debtors' original objection, nor were any of the other above listed factors involved in this case.[9]

It is also important to note that the situation in the instant case is further distinguishable from the cases cited by Pleasant because here the Trustee never had an opportunity to object to the amount of the Claim at the settlement hearing. The appellee in this case is the Trust, not the Debtors that filed the original objection. The Trustee never had the opportunity to object because the Trust did not come into existence until the effective date of the Plan, which was February 15, 2005, a time when the final accounting process was not complete. This process required the Trust to wait until final resolution of all outstanding claims before undertaking any of the analysis of payment required to be made in satisfaction of those claims.[10]

---

[7] Fed. R. Bankr. P. 3008 provides that "[a] *party in interest* may move for reconsideration of an order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 3008 (emphasis added).

[8] Although *Clark* indicates that a hearing is not necessary to create a contested matter, other courts rely on actually "litigated" matters. *See, e.g., In re Willoughby* 324 B.R. at 73 ("Several courts have applied Rule 60(b) only in cases where the claim was allowed or disallowed after contested litigation.") (citations omitted).

[9] Similarly, unlike *Harbor*, this case did not deal with a misunderstanding of the legal consequences of the creditor's action; rather, it was a mistake in contravention of the Bankruptcy Code. Therefore, even if a settlement represents a full and final disposition on the merits, that reasoning is inapplicable here, where the mistake cannot be agreed upon through settlement because to do so would be against the Code.

[10] Pleasant claims that the Trust came into existence as of the Plan Effective Date of February 15, 2005, only three months after the Claims Allowance Order, thereby leaving nine months for TLC to timely seek reconsideration. (*See* Pleasant's Reply Br. at 6 n.5.) This argument is unpersuasive. The Trustee was required to analyze and calculate all claims in order to fairly liquidate in accordance with bankruptcy principles. Neither the Debtors' Ninth Omnibus Objection nor the Claims Allowance Order provided any evidence of a basis for the Claim's calculation. The final accounting letter to Pleasant was not issued until June 2006. (*See* TLC Resp. Ex. 5.) Thus, given the record, the Bankruptcy

The fact that Trustee could not be heard even if it wanted draws a further distinction between this case and *Clark* and *Harbor*. In both of those cases, the debtor filed the objection to the claim, as well as the motion for reconsideration. The debtor, therefore, had a full and fair opportunity to litigate the objection at the time of filing, even if he chose not to by withdrawing such an objection. The Trustee here, however, could not do so because the Trust was not in existence at the time of the filing of the objection.[11] As such, the cases relied on by Pleasant are inapplicable to these facts.

In sum, the Court finds no basis to conclude that the Bankruptcy Court erred in holding that "no contest" existed with respect to the Claim and that the motion for reconsideration was not time-barred.

---

Court did not err in finding that the Trustee "did not materially or unduly delay bringing the matter of the error in the amount of the Claim to the attention of the Court." (August 31 Memorandum and Order at 4.)

[11] Pleasant contends in his reply brief that current Trustee, Martin L. Cohen, and counsel to the Trust, Fred Neufeld, were present during settlement negotiations and the hearing, thereby being provided with the opportunity to object yet not exercising that option. (Pleasant's Reply Br. at 6 n.5.) However, the Debtors were still the source of the objection during that time period, not the Trust, so Mr. Cohen and Mr. Neufeld were under no obligation to object or litigate any claims at that time. After reviewing the record, there is no reason to disturb the Bankruptcy Court's finding that the Trust could not begin analyzing such claims until the final accounting was complete.

### IV. "CAUSE" DETERMINATION UNDER §502(J) AND RULE 60(B)

Having found no error in the Bankruptcy Court's holding that reconsideration was not time-barred, the Court must now determine whether the Bankruptcy Court erred in determining that "cause" existed under Section 502(j) for reconsideration of its prior Order.

"Cause" is not explicitly defined in the Bankruptcy Code or in the Bankruptcy Rules. The determination of whether "cause," within the meaning of Section 502(j), is present, "falls upon the equitable judgment of the court and is within the sound discretion of the court." *In re Flagstaff Foodservice Corp.*, 56 B.R. 910, 913 (Bankr. S.D.N.Y. 1986). However, in analyzing "cause," courts generally rely upon the language and interpretation of Fed. R. Civ. P. 60(b). *See, e.g., S.G. Wilson Co., Inc. v. Cleanmaster Indust., Inc. (In re Cleanmaster Indus., Inc.)*, 106 B.R. 628, 630 (9th Cir. BAP 1989) ("Rule 60 sets forth the standards for reconsideration of claims and helps define 'cause' under 502(j)."); *see also In re Willoughby*, 324 B.R. at 72 ("Numerous courts have likened the 'cause' standard found in section 502(j) with the substantive requirements of Bankruptcy Rule 9024 and Rule 60(b) of the Federal Rules of Civil Procedure.") (collecting cases). Moreover, in conducting this analysis, some courts also consider the factors articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993), including (1) potential prejudice to the non-movant; (2) the length of delay an its potential effect on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the control of the movant; and (5) whether the movant acted

in good faith.[12]

It is undisputed in the record that the Debtors' Claim agreed to in the settlement contained post-petition interest. Bankruptcy Code Section 502(b)(2) clearly states that unsecured or under-secured creditors are not entitled to post-petition interest on pre-petition claims. *See* 11 U.S.C. § 502(b)(2); *Int'l Asset Recovery Corp. v. Thomson McKinnon Sec., Inc.*, 335 B.R. 520, 527 (S.D.N.Y. 2005). Interest on principal ceases to accrue on unsecured claims on the petition date and unsecured creditors have no right to receive any interest accrued after the Petition Date. *See Int'l Asset Recovery Corp.*, 335 B.R. at 527; *see also Key Bank of N.Y. v. Harko (In re Harko)*, 211 B.R. 116, 118 (B.A.P. 2d Cir. 1997) (holding that interest on unsecured pre-petition claims stops accruing on petition date), *aff'd sub nom.*, *In re Milham*, 141 F.3d 420 (2d Cir.) (*per curiam*), *cert. denied sub nom.*, *Key Nat'l Bank Ass'n v. Milham*, 525 U.S. 872 (1998). The Bankruptcy Court was correct in finding as a matter of fact and law that the Claim improperly included post-petition interest. Moreover, although the Bankruptcy Court did not specifically cite the *Pioneer* factors, it did consider whether there was undue delay in bringing this error to the Bankruptcy Court's attention and found that "[u]nder the facts and circumstances of this case, the trustee did not materially or unduly delay bringing the matter of the error in the amount of the Claim to the attention of the Court." (August 31 Memorandum and Order at 4.) Specifically, the court noted that "until a final accounting had been reached with CNA on the contested matter of the workers' compensation premiums and the collection of litigation recoveries from third parties, the trustee was not in a position to review the Claim."[13] (*Id.*). Thus, the Bankruptcy Court properly considered all the facts and circumstances in concluding that "cause" for reconsideration existed.

The Court finds Pleasant's arguments that the Bankruptcy Court erred in finding "cause" to be without merit. First, Pleasant argues that "the Bankruptcy Court's determination was based solely on the allegations and arguments in [the Trust's] briefs and not based on any evidence in the record that a mistake had been made." (Pleasant's Br. at 13.) The Court finds that contention to be incorrect. The Bankruptcy Court, based upon its review of the evidence in the record, found that (1) Pleasant's Promissory Note claim was unsecured; (2) the claim was pre-petition; (3) the Debtors "were insolvent by hundreds of millions of dollars"; and (4) the "allowed" Promissory Note claim improperly included post-petition interest. (August 31 Memorandum and Order at 3.) Pleasant points to absolutely nothing in the record which undermines the factual findings relied upon by the Bankruptcy Court in reaching its legal conclusions. Similarly, Pleasant is

---

[12] Courts have applied *Pioneer's* reasoning to Section 502(j)'s "cause" analysis, even though *Pioneer* dealt with Fed. R. Bankr. P. 9006. *See, e.g., Amtech Lighting Servs. Co. v. Payless Cashways (In re Payless Cashways, Inc.)*, 230 B.R. 120, 138-40 (B.A.P. 8th Cir. 1999) (applying *Pioneer* factors to motion for reconsideration of order pursuant to §502(j)); *Pro-Tec Servs., LLC v. Inacom Corp. (In re Inacom Corp.)*, No. 00-2426, Civ. A. 04-390, 2004 WL 2283599, *2-*3 (D. Del. Oct. 4, 2004) (same).

[13] As noted *infra*, completely apart from the *Pioneer* factors, the Court is also permitted to correct a mistake of law or fact made by the Court. Thus, where, as here, the mistake involved the court as well as the parties, the *Pioneer* factors are not critical to the analysis of this issue under Rule 60(b).

8

unable to point to any legal authority which suggests that the Bankruptcy Court's legal conclusion – that post-petition interest on a pre-petition unsecured claim is a clear violation of § 502(b)(2) of the Bankruptcy Code – was erroneous.[14] In short, this Court concludes that there is simply no basis to challenge factually or legally the underlying conclusions reached by the Bankruptcy Court that led to its reconsideration of the Claim.

Second, Pleasant focuses on the heavy burden that TLC must satisfy in order to reconsider a settlement. (*See* Pleasant's Br. at 13 (citing *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986).)[15] Even applying the *Nemaizer* "higher burden" standard as Pleasant wishes the Court to do, an error such as the one present before the Bankruptcy Court would constitute such an exceptional circumstance enabling judicial relief. Pleasant suggests that, regardless of any error, the Claim should not be reduced because there was no evidence of a mistake of the parties and suggests that there is nothing "to overcome the weighty presumption that the parties knew the risks and possible outcomes of their litigation stances when they agreed to the resolution of Claim No. 115." (Pleasant's Br. at 16.)

This argument, however, is fundamentally flawed. Pleasant ignores the fact that the situation in the instant appeal is not simply a tactical mistake by one party or a misunderstanding of the legal consequences of a decision. The inclusion of post-petition interest to a claim is in direct contravention of Section 502(b) of the Bankruptcy Code and yet the Claim was erroneously approved by the Bankruptcy Court. Thus, regardless of whether there was a mistake by a party, there was a legal mistake by the court. In other words, it is clear that, if the Bankruptcy Court had been aware of this error, it would not have approved a claim that violated the Bankruptcy Code. Although the Bankruptcy Court noted the negligence by the Debtors' chief financial officer and/or Debtors' counsel for not discovering the error, the Bankruptcy Court also considered this to be a mistake by the Bankruptcy Court in approving the Claim containing this error. In fact, the Bankruptcy Court correctly cited the Second Circuit decision in *In re 310 Assocs.* for the proposition that Rule 60(b) allows a bankruptcy court to reopen a judgment to correct not only a mistake of the party, but also to correct its own mistake of fact or law. (August 31 Memorandum and Order at 2 (citing *In re 310 Assocs.*).) Pleasant should not receive a windfall of post-petition interest, which is in violation of the Bankruptcy Code, because of a mistake by the Bankruptcy Court in approving a settlement containing that legal

---

[14] To the extent Pleasant also suggests that the Bankruptcy Court should not have treated the Trust's opposition to the motion to compel as an "implied" motion for reconsideration, the Court finds that the procedure employed by the Bankruptcy Court does not warrant reversal. The Bankruptcy Court noted that "[i]n the interest of fairness and case administrative efficiency, the Court read the Opposition papers by the trustee as a cross-motion for reconsideration and reduction of the Claim, and no purpose would be served by separately scheduling a hearing on the cross-motion: it is purely a matter of law and undisputable fact." (August 31 Memorandum and Order at 4.) The denial of Pleasant's motion to compel payment necessarily rested on a conclusion that the Claim had to be reduced because of the error. Thus, Pleasant had a full opportunity to be heard on this issue and was not prejudiced in any way by the Bankruptcy Court's treatment of the opposition to Pleasant's motion as a motion for reconsideration of the Claim.

[15] Rule 60(b) "is invoked only upon a showing of exceptional circumstance." *Nemaizer*, 793 F.2d at 61.

error. Therefore, independent of any excusable neglect or mistake by the parties, the Bankruptcy Court was within its power under the circumstances of this case to find that "cause" existed to correct its own mistake as well.

In sum, having carefully considered the record and arguments, the Court concludes that the Bankruptcy Court did not err in denying Pleasant's motion to compel further payment on Claim No. 1015, and then reducing the Claim to $1,435,791.18, and finding that the $244,871.24 was the full and proper amount of post-petition interest on the Claim.[16]

V. CONCLUSION

For the reasons stated above, the Court affirms the August 31 Memorandum and Order of the Bankruptcy Court.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: September 26, 2007
Central Islip, New York

\* \* \*

The attorneys for the Appellant-Creditor are Michael L. Schein, Esq., and Michael G. Davies, Esq., of Vedder, Price, Kaufman & Kammholz, P.C., 805 Third Avenue, New York, New York 10022. The attorneys for the Appellee-Trust are Douglas W. Henkin, Esq., and Manuel Yanez, Esq., of Milbank, Tweed, Hadley & McCloy, LLP, One Chase Manhattan Plaza, New York, New York, 10005, and Fred Neufeld, Esq., of Milbank, Tweed, Hadley & McCloy, LLP, 601 S. Figueroa Street, 30th Floor, Los Angeles, California, 90017.

---

[16] Pleasant also argues in its appeal that, because the reconsideration of the Claims Allowance Order is barred on both procedural and substantive grounds, TLC should be compelled to act in accordance with the Claims Allowance Order and the distribution scheme set forth in the Plan. However, because the Court has found that the Bankruptcy Court's decision to reconsider the Claim was not erroneous, the request to have this Court order that the relief sought in their motion to compel be granted in full is similarly denied.